**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN HENRY BROWNE,

Defendant-Appellant.

No. 10-4038
(D.C. No. 2:08-CR-00734-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Pursuant to a plea agreement, John Henry Browne pled guilty to possession

of methamphetamine with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1). The district court sentenced him to 120 months' imprisonment, the

mandatory minimum sentence. Although his plea agreement included a waiver of

his right to appeal his sentence, Mr. Browne has filed an appeal seeking to

_____

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

challenge his sentence. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Browne concedes that the appeal is within the scope of the appeal waiver, he knowingly and voluntarily entered his plea, and nothing in the record discloses a reasonable basis for determining that enforcing the appeal waiver would result in a miscarriage of justice.

Accordingly, Mr. Browne has not established any of the applicable exceptions to the enforcement of the appeal waiver. We therefore GRANT the government's motion to enforce the appeal waiver contained in the plea agreement and DISMISS the appeal.[1]

ENTERED FOR THE COURT
PER CURIAM

---

[1] We remind the government of its responsibility to attach a copy of the plea agreement to the motion to enforce. *See* 10th Cir. R. 27.2(A)(2)(b).